IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00396-RJC
(3:05-cr-00016-RJC)

| | |
|---|---|
| MICHAEL VASHAWN DRAYTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 filed through counsel, (Doc. No. 1), and related pleadings. For the reasons stated below, the Court will correct Petitioner's sentence as to Count Eleven only.

I.  BACKGROUND

On January 3, 2006, the Court sentenced Petitioner to a total of 272 months for three bank robberies (Counts One, Three, and Five), an armed bank robbery (Count Nine), brandishing a firearm during and in relation to a crime of violence (Count Ten), and possessing a firearm as a convicted felon (Count Eleven). (Case No. 3:05-cr-16, Doc. No. 19: Judgment at 1-2). The sentence was affirmed on appeal, (Id., Doc. No. 34: Opinion), and not disturbed on collateral review, (Case No. 3:08-cv-68, Doc. No. 13: Order). Petitioner pro se filed another collateral attack which was dismissed as successive. (Case No. 3:14-cv-346, Doc. No. 2: Order).

On June 17, 2016, the United States Court of Appeals for the Fourth Circuit granted authorization for Petitioner to file a successive 28 U.S.C. § 2255 motion based on the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016). (Doc.

1

No. 1-1: Order). Counsel for Petitioner then filed the instant motion arguing that he was improperly sentenced as a career offender under USSG §4B1.2 and as an armed career criminal under 18 U.S.C. § 924(e). (Doc. No. 1 at 1-2). The Government concedes that Petitioner is eligible for relief on Count Eleven from the armed career criminal enhancement, but opposes relief on other counts. (Doc. No. 9: Reply at 5-6). Petitioner seeks resentencing on all counts under the "sentencing package doctrine." (Doc. No. 10: Supp. Mem. at 1).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

After Petitioner filed the instant motion, the Supreme Court rejected a Johnson challenge to the advisory career offender guideline. Beckles v. United States 137 S. Ct. 886, 891-892 (2017). Nevertheless, Petitioner requests a full resentencing because he "was sentenced for multiple, various counts of conviction including an erroneous armed career criminal count." (Doc. No. 10: Supp. Mem. at 1). The Fourth Circuit has recognized a district court's authority to consider the sentence in the aggregate upon a successful collateral attack of one count of conviction that "radically changes the sentencing package." United States v. Smith, 115 F.3d 241, 245 (4th Cir. 1997) (internal quotations and citations omitted). However, a district court is not required to conduct a resentencing in resolving every § 2255 petition. United States v.

2

Hadden, 475 F.3d 652, 668-669 (4th Cir. 1997) ("The text of § 2255 clearly affords the district courts the authority to 'correct' a prisoner's unlawful sentence without conducting a formal 'resentence[ing]' hearing ..." (brackets in original)).

The Court previously found Petitioner qualified as a career offender under USSG §4B1.1(a), and no developments in the law affect that decision. (Case No. 3:05-cr-16: Statement of Reasons at 1 (adopting Presentence Report without change)). The offense level was set at thirty-four based on §4B1.1(b)(B) and the twenty-five year maximum penalty for armed bank robbery. (Id., Doc. No. 33: Presentence Report at 9). With acceptance of responsibility, the adjusted offense level was thirty-one. (Id.). Petitioner's fourteen criminal history points and his career offender status yielded a criminal history category of VI, resulting in an advisory guideline range of 188-235 months for Counts One, Three, Five, and Nine, plus the mandatory minimum eighty-four months for Count Ten (brandishing a firearm in violation of § 924(c)). (Id. at 14, 17). Those calculations are not altered by correcting Petitioner's sentence in Count Eleven to remove the now unlawful armed career criminal enhancement, consistent with Johnson and the Government's concession; the maximum sentence on Count Eleven is simply lowered to 120 months. Therefore, the Court will decline to exercise its discretion to resentence Petitioner on all counts in the circumstances of this case.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED** and his sentence on Count Eleven will be **CORRECTED** to 120 months' imprisonment and 3 years' supervised release. An amended judgment shall be issued with all other terms and conditions remaining the same.

2. As to Petitioner's denied or dismissed claims, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller El v. Cockrell</u>, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

The Clerk is further directed to close this civil case.

**SO ORDERED.**

Signed: June 19, 2017

Robert J. Conrad, Jr.
United States District Judge