**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-396-RJC**

| | | |
|---|---|---|
| MICHAEL VASHAWN DRAYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, (Doc. No. 13). Petitioner asks the Court to reconsider its Order granting in part and denying in part his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, (Doc. No. 11).

Petitioner pled guilty in the underlying criminal case to robbing four banks: Counts (1), (3), and (5), bank robbery in violation of 18 U.S.C. § 2113(a); Count (9), armed bank robbery in violation of 18 U.S.C. § 2113(d); Count (10), possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1); and Count (11), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(2). See (3:05-cr-16, Doc. No. 19). The Presentence Investigation Report ("PSR") calculated a total offense level of 31 and a criminal history category of VI, for a guidelines imprisonment range of 188 to 235 months, plus a mandatory consecutive sentence of not less than seven years for Count (10), resulting in a total guideline range of 272 to 319 months. (3:05-cr-16, Doc. No. 33).

At the sentencing hearing, the Court stated that these are "very serious charges" and that along with a "very serious" criminal history, the resulting guideline range is "pretty substantial." (3:05-cr-16, Doc. No. 30 at 14). However, the Court went on to state that, " in light of the seriousness of the offense and the need for deterrence and protection, coupled with the defendant's serious criminal history, the substantial sentencing range is not unreasonable, and in fact, it is reasonable." (Id.). The Court therefore imposed a sentence of imprisonment of 188 months as to Counts (1), (3), (5), (9) and (11), concurrent, and 84 months as to Count (10), consecutive, for a total of 272 months, which is equal to the bottom of the advisory guideline range. (3:05-cr-16, Doc. No. 19).

Petitioner's most recent post-conviction challenge was a Motion to Vacate pursuant to 28 U.S.C. § 2255, in which he argued that his enhanced sentence had been invalidated by Johnson v. United States, 135 S.Ct. 2551 (2015). On June 20, 2017, the Court entered an Order granting relief as to the armed career criminal enhancement with regards to Count (11), but left the career offender enhancement intact pursuant to Beckles v. United States, 137 S.Ct. 866 (2017). The Court lowered the sentence for Count (11) to 120 months' imprisonment and "decline[d] to exercise its discretion to resentence Petitioner on all counts in the circumstances of this case." (Doc. No. 11). An Amended Judgment was entered in the criminal case on July 13, 2017. (3:05-cr-16, Doc. No. 46).[1]

Petitioner filed the instant motion for reconsideration on July 25, 2017. (Doc. No. 13). He argues that the Court should reconsider its decision to leave the overall sentence of 272 months' imprisonment intact because an intervening Supreme Court decision, Dean v. United States, 137

---

[1] Petitioner has filed a Notice of Appeal of the Order on his Motion to Vacate. See (Doc. No. 14).

S.Ct. 1170 (2017), holds that a court may consider a statutory mandatory minimum sentence when calculating an overall just sentence.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Petitioner's reliance on Dean is unavailing because it is not an intervening change in law. The Supreme Court issued Dean on April 3, 2017, *before* the Court ruled on Petitioner's Motion to Vacate On June 20, 2017, and issued the Amended Judgment in the criminal case on July 13, 2017. Moreover, Dean does not alter the outcome of his Motion to Vacate proceeding. Although the Court did not specifically cite Dean in its Order ruling on the Motion to Vacate, the Court acknowledged its discretion to resentence Petitioner on the remaining counts but declined to do so under the circumstances of the case. The Court had found at the time of sentencing that the overall guidelines range was reasonable and confirmed in its Order on the Motion to Vacate that the overall sentence remains reasonable. Petitioner has failed to show the existence of the limited circumstances under which a Rule 59(e) motion may be granted.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion for Reconsideration, (Doc. No. 13), is **DENIED**.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge